structions told the jury that if plaintiff was injured because a file which he had in his charge was placed by the motorman in the tool box, and that while plaintiff was attempting to take the file from the tool box or had taken it therefrom it came in contact with the fuse box, and thereby the plaintiff was injured, plaintiff was not entitled to recover. The second told them that if they believed from the evidence the motorman or some other servant of the company placed the file in question in the tool box of the motor, and that the plaintiff brought said file in contact with an electric current, still he cannot recover, unless they further believe from the evidence that the company or some of its officers had knowledge or notice that such file was in said tool box.

Waiving all other objections to these instructions, they were both manifestly vicious in that they deprived appellee of all right to recover under the statutory counts of the declaration. The objections made to the rulings of the court on the admission of certain evidence are few in number, of minor importance and do not appear to us to be well founded.

The judgment of the court below will be affirmed.

*Judgment affirmed.*

---

## Patrick Roach, Appellee, v. Willis Coal and Mining Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Randolph county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Patrick Roach against the Willis Coal and Mining Company, a corporation, to recover damages

for injuries sustained by a fall of rock and other substances from the roof of a mine while in the employ of defendant. From a judgment in favor of plaintiff, defendant appeals.

C. E. POPE, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 182*—*when evidence supports recovery.* It appeared from evidence in an action by a mine employe to recover for injuries from a fall of rock and other substances from the roof of his working room that two days prior to the fall a piece of white top was discovered; that it was a treacherous substance and was liable to fall without warning; that it appeared to be solid; that it had been examined and the room marked with date of visit but no danger mark made, and that demand had been made for cross-bars. The defense contradicted this evidence in its material aspects. *Held*, a verdict for plaintiff would be sustained.

2. INSTRUCTIONS, § 23*—*when proper in not requiring all counts to be proved.* An instruction in a personal injury case that the plaintiff is not required by law to prove all the counts of his declaration, but it is sufficient if he proved one or more of the same as alleged therein by a preponderance of evidence, is not subject to an interpretation as permitting recovery if plaintiff proved one or two things in one or more of the various counts.

3. MINES AND MINERALS, § 191*—*when instruction on contributory negligence is proper.* Where in an action under the Mining Act of 1911, J. & A. ¶¶ 7475 *et seq.*, there is evidence upon the question of contributory negligence, an instruction that contributory negligence is not a legal defense against a wilful violation of the statute is properly given.

4. MINES AND MINERALS, § 136*—*when right of action not affected by repeal of statute.* Where the Mining Act was repealed and a new act (J. & A., ¶¶ 7475 *et seq.*) in relation to the same subject enacted after a miner was injured but prior to the trial of his case, his right to maintain his action under the law in existence at the time he was injured is fully preserved by R. S. c. 131, § 4, J. & A. ¶ 11105.